UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LA'DAIRYON MOORE,

      Plaintiff,

v.            Case No. 22-cv-1082-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF
and MILWAUKEE COUNTY,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

  La'Dairyon Moore, who previously was incarcerated at the Milwaukee County Jail and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 28, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $41.51. Dkt. No. 8. The court received that fee on January 24, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued the Milwaukee County Jail, the Milwaukee County Sheriff and Milwaukee County. Dkt. No. 1 at 1. He alleges that he was locked in his room for forty-five hours "and the state law is we come out [of] our rooms for at least an hour a day and we was locked in our cell for 1 day without coming out and my right was violated June 10th 1:50 p.m. to June 13th 10 a.m. each staff who came and do rounds say we was not coming out and the whole facility was locked down[.]" Id. at 2. The plaintiff states that he does not

3

know why they did it, but he knows his rights were violated and he wants justice. Id. He says that while locked in his cell, staff did not answer his emergency intercom and that they were supposed to provide nutritious meals. Id. at 1-2.

The plaintiff alleges that his rights were violated again because he did not have his preliminary hearing within sixty days. Id. at 1. He states that the remedy for failing to hold a timely preliminary hearing is dismissal without prejudice for lack of personal jurisdiction, which would "require nothing more than an opinion from the court agreeing with the courts of appeals these actions violate United States Constitution amendments 5, 6, 8 and 14 and the[y] violated the state amendments Article 1 Section 1, 2, 3, 5, 6, 7, 8 and 9 The Wis. Stat. 302.08, 971.03(1) DLC 350." Id. at 3.

For relief, the plaintiff seeks $10,000,000. Id. at 4.

C.      Analysis

Before addressing the plaintiff's substantive claims, the court notes that the plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines

whether an entity has that capacity. Webb v. Franklin Cty. Jail, No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the court will dismiss it as a defendant.

The court construes the plaintiff's allegations that he was confined in his cell for forty-five hours, that the defendants did not answer his emergency intercom and they were supposed to provide nutritious meals as a conditions of confinement claim. Because the plaintiff was confined at the Milwaukee County Jail when the events he alleges occurred, the court presumes he was a pretrial detainee,[1] which means the court must assess his claim under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee's constitutional rights may be violated when jail

---

[1] The Wisconsin Circuit Court Access Program shows that on November 22, 2021, a complaint was filed against the defendant in Milwaukee County Circuit Court in State v. Moore, 2021CF4825. Available at https://wcca.wicourts.gov. The docket reflects that the plaintiff was in custody from the time the complaint was filed until May 12, 2023, when he was sentenced. Id. The Wisconsin Department of Corrections inmate locator site indicates that the plaintiff was admitted to Dodge Correctional Institution with a new judgment on May 19, 2023. https://appsdoc.wi.gov. The plaintiff filed this federal complaint on September 19, 2022; the state court docket implies that he was in local custody at that time.

5

officials act unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309-10 (7th Cir. 2015) "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" Id. (quoting Bell, 441 U.S. at 538–39). To prevail on his claim that the conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The plaintiff's allegations that he was confined in his cell for forty-five hours because the "whole facility was locked down" does not state a claim under §1983 because he has not alleged that the lockdown was unrelated to a legitimate governmental objective. The plaintiff says that state law requires that incarcerated individuals receive one hour per day out of their cell. Under Wis. Admin. Code §DOC 350.33(3), a jail's recreation policy shall include, "[w]hen and available, at least one hour of daily exercise and recreation" outside the

cell or outdoors. Assuming this provision applies to the plaintiff's allegations, the court has not located any authority that would allow an individual to recover damages in federal court for violations of Wis. Admin. Code §DOC 350.33. See Flemino v. Eau Claire Cty. Jail, No. 21-cv-187-wmc, 2022 WL 2046111, at *1 (W.D. Wis. June 7, 2022).

The plaintiff's allegations that during lockdown staff did not answer his emergency calls and that staff were supposed to provide nutritious food may implicate his federal constitutional rights. But the plaintiff has not alleged sufficient facts to state a claim because he has not provided any information about why he made emergency calls and what resulted when staff members failed to answer his calls. Regarding the food, the plaintiff has not specifically alleged that staff failed to provide nutritious food or why the food they did provide was not nutritious. In addition to these deficiencies, the plaintiff has not named a proper defendant regarding his emergency call and food allegations. Under §1983, a plaintiff may sue a "person" who violates his constitutional rights under color of law. The plaintiff's complaint does not include allegations implicating or identifying any individual who could be held personally responsible for allegedly unconstitutional conditions of the plaintiff's confinement. See Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir. 2010) (a §1983 claim may only proceed against individuals who are personally involved in the constitutional violation). And the plaintiff has not stated a claim against Milwaukee County or the Milwaukee County Sheriff because neither the county nor county officials can be sued for the actions of its employees unless the

7

Case 2:22-cv-01082-PP    Filed 06/09/23    Page 7 of 12    Document 11

alleged constitutional violations were caused by an official policy, a custom or practice or an official with final policy-making authority. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1971).

The plaintiff also alleges that he did not receive a preliminary hearing within sixty days; he says that this requires dismissal of his case, and the court presumes the plaintiff refers to his state criminal case. Wisconsin online court records show that in Moore, Milwaukee County Case No. 2021CF4825, the plaintiff pled guilty to two charges and that he was sentenced on May 12, 2023. See https://wcca.wicourts.gov. This court does not have the authority to dismiss a state criminal case. The plaintiff has not named any individuals involved with these allegations. If the plaintiff believes that his constitutional rights were violated during his state criminal case, he may be able to bring a federal *habeas* petition after he has exhausted his state court remedies.

In sum, the plaintiff has not stated a claim for relief based on violation of his rights under federal law. The court will give the plaintiff an opportunity to file an amended complaint related to his conditions of confinement allegations. If the plaintiff does not file an amended complaint in time for the court to receive it by the deadline the court sets below, the court will dismiss this federal case for the plaintiff's failure to state a claim in his original complaint.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended

complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. In that amended complaint, he must identify the specific individuals who violated his rights, and must explain how they did so. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? If the plaintiff does not know the name of the person who violated his rights, he can describe the person—"a corrections officer on third shift, male, white," etc. The plaintiff must explain *when* the events happened—if he does not know the exact date, he should narrow it down to the month and year. He must explain, if he knows, *why* the events happened—why was the institution locked down? He must explain how the violations of his rights impacted him—did an employee's failure to answer his emergency calls cause him to be sick or injured? Did the failure to provide nutritious food cause him injury? The amended complaint does not need to be long or contain legal

9

language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate the plaintiff's rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by **June 30, 2023**. If the court receives an amended complaint by the end of the day on June 30, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the June 30, 2023 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$308.49** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

10

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Dodge Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

11

his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12

Case 2:22-cv-01082-PP   Filed 06/09/23   Page 12 of 12   Document 11