UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LA'DAIRYON MOORE,

                Plaintiff,

      v.                                    Case No. 22-cv-1082-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF
and MILWAUKEE COUNTY,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 14) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 14)**

---

The court screened the plaintiff's complaint under 28 U.S.C. §1915A, dismissed the complaint for failure to state a claim and ordered that the plaintiff could file an amended complaint by June 30, 2023. Dkt. No. 11. The court granted the plaintiff's motion for extension of time until August 15, 2023, to file his amended complaint. Dkt. No. 13. On August 10, 2023, the plaintiff filed a motion for a sixty-day extension of time to file his amended complaint because he recently moved to a new institution and needs more time to research his claims. Dkt. No. 14. The plaintiff has shown good cause for another extension of time and the court will grant his motion and set a new deadline for the plaintiff to file his amended complaint at the end of this order.

The plaintiff also requests that the court appoint him a lawyer since he is incarcerated. Dkt. No. 14. In a civil case, the court has discretion to recruit a

lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chicago Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery,

and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not shown that he made a reasonable attempt to find a lawyer on his own and he has therefore not satisfied the first requirement for recruitment of counsel. In addition, at this stage of the case, all the plaintiff needs to do is file an amended complaint and his filings show that he is competent to do that. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **GRANTS** the plaintiff's motion for extension time. Dkt. No. 14. The court **ORDERS** that the new deadline for the plaintiff to file his amended complaint is **October 16, 2023**. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by October 16, 2023. If the court receives an amended complaint by the end of the day on October 16, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the October 16, 2023 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his

4

original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 18th day of August, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**